# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROZELLE SUMMERISE,** | **CASE NO. 1:13-CR-0008 AWI** |
| **Petitioner** | |
| v. | **ORDER ON PETITIONER'S 28 U.S.C. § 2255 PETITION and ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent** | (Doc. No. 50) |

Petitioner Rozelle Summerise, who is represented by counsel, filed this 28 U.S.C. § 2255 petition in January 2020. Petitioner seeks to have a portion of his sentence vacated in light of *United States v. Davis*, 139 S.Ct. 2319 (2019). The United States was ordered to respond to the petition, but has not done so. After review, and despite the United States' silence, the Court will deny the petition and decline to issue a certificate of appealability.

### *Background*

On September 28, 2015, Petitioner and the United States entered into a plea agreement in which Petitioner agreed to plead guilty to ten counts in the indictment: Count 1, brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and Counts 4 through 12, nine counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"). See Doc. Nos. 36, 37. Petitioner had committed several armed robberies in the Eastern District of California. See Doc. Nos. 1, 36. The parties agreed to a total sentence of 360 months. See Doc. No. 36.

On November 23, 2015, Petitioner was sentenced (in relevant part) to 360 months in prison for the violation of § 924(c) and 240 months in prison for the Hobbs Act robbery violations, with the sentences to run concurrently. See Doc. No. 42. Judgment and commitment were entered on November 30, 2015. See Doc. No. 43. Part of the 360 month sentence imposed was pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), which requires a minimum sentence of 84 months if, as relevant

1  here, a firearm is brandished during and in relation to a "crime of violence."  See 18 U.S.C. §

2  924(c)(1)(A)(ii).

3      Petitioner made no appeal and filed no habeas corpus petitions until he filed this petition in

4  January 2020.

5      *§ 2255 Framework*

6      28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a

7  court established by Act of Congress claiming the right to be released upon the ground that the

8  sentence was imposed in violation of the Constitution or laws of the United States ... may move

9  the court which imposed the sentence to vacate, set aside or correct the sentence."  Under § 2255,

10  a district court must grant a prompt hearing to a petitioner in order to determine the validity of the

11  petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and

12  records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. §

13  2255(b).  The court may deny a hearing if the movant's allegations, viewed against the record, fail

14  to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary

15  dismissal.  United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United

16  States, 692 F.2d 565, 571 (9th Cir. 1983).  A petitioner is not required to allege facts in detail, but

17  he "must make factual allegations" and cannot rest on conclusory statements.  Baumann, 692 F.2d

18  at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).  Accordingly, an evidentiary

19  hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to

20  relief; and (2) the petition, files, and record of the case cannot conclusively show that the

21  petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

22      *Petitioner's Argument*

23      Petitioner argues that he received a mandatory seven year consecutive sentence pursuant to

24  28 U.S.C. § 924(c)(1)(A)(ii) because he brandished a firearm during and in relation to a crime of

25  violence.  The crimes of violence for the seven year consecutive sentence were the nine Hobbs Act

26  convictions.  The Hobbs Act convictions are crimes of violence under the residual clause of §

27  924(c)(3)(B), they are not crimes of violence through the elements clause of § 924(c)(3)(A).

28  However, *Davis* held that the § 924(c)(3)(B) residual clause definition is unconstitutional.

1  Therefore, because there is no predicate "crimes of violence" that fit under the § 924(c)(3)(A)

2  elements clause, the additional seven year sentence under § 924(c)(1)(A)(ii) in this case is illegal.

3      Additionally, in what is termed a motion for judgment (which is actually in the nature of a

4  reply), Petitioner argues that the United States' failure to file an opposition should be construed as

5  a non-opposition.  Further, Petitioner urges the Court to find that Hobbs Act robbery is not a crime

6  of violence, as was held in *United States v. Chea*, 2019 WL 5061085 (N.D. Cal. 2019).

7      *Respondent's Opposition*

8      The United States has filed no opposition or response of any kind to Petitioner's petition,

9  despite being ordered to do so.

10     *Discussion*

11     Initially, the Court notes that even though Petitioner's conviction became final in

12 November 2016, this petition is timely.  28 U.S.C. § 2255(f) sets a one-year limitations period to a

13 file a § 2255 petition.  As relevant here, one of the starting dates for the one-year period is the

14 "date on which the right asserted was initially recognized by the Supreme Court, if that right has

15 been newly recognized by the Supreme Court and made retroactively applicable to cases on

16 collateral review."  28 U.S.C. § 2255(f)(3).  Here, as discussed above, Petitioner seeks relief under

17 *Davis*, which was decided by the Supreme Court on June 24, 2019.  Although the Ninth Circuit

18 has yet to address the issue, other circuits have concluded that *Davis* applies retroactively.  See

19 United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019); United States v. Bowen, 936 F.3d

20 1091, 1097 (10th Cir. 2019); In re Hammond, 931 F.3d 1032, 1038 (11th Cir. 2019).  The Court

21 will follow the holdings of these circuits.  Because Petitioner filed his petition in January 2020, he

22 has met the one-year limitations period of § 2255(f)(3).

23     With respect to the merits of Petitioner's arguments, no relief is appropriate.  A term of

24 imprisonment under § 924(c)(1)(A) that is imposed for using or carrying a firearm "during and in

25 relation to a crime of violence" is a mandatory consecutive term.  18 U.S.C. § 924(c)(1); United

26 States v. Watson, 881 F.3d 782, 784 (9th Cir. 2018).   A "crime of violence" for purposes of §

27 924(c)(1)(A) is defined in one of two ways, through either the "elements clause" of 18 U.S.C. §

28 924(c)(3)(A) or the "residual clause" of 18 U.S.C. § 924(c)(3)(B).  See 18 U.S.C. § 924(c)(3);

1   Watson, 881 F.3d at 784.  *Davis* declared that § 924(c)(3)(B), the "residual clause," was

2   unconstitutionally vague.  Davis, 139 S.Ct. at 2336; United States v. Burke, 943 F.3d 1236, 1238

3   (9th Cir. 2019).  If Petitioner's sentence had been affected by § 924(c)(3)(B), his arguments and

4   reliance on *Davis* would appear to have some merit.  However, as Petitioner himself admits, he

5   received a mandatory seven year enhancement under § 924(c)(1)(A) because his Hobbs Act

6   robbery convictions served as the predicate offenses.  Petitioner contends that Hobbs Act robbery

7   is not a crime of violence under § 924(c)(3)(A).  Petitioner is wrong.  The Ninth Circuit has

8   recently held that Hobbs Act robbery is a crime of violence under the elements clause of §

9   924(c)(3)(A).  United States v. Dominguez, 954 F.3d 1251, 1260-61 (9th Cir. 2020); see also

10  United States v. Milsten, 2020 U.S. App. LEXIS 16100, *5 (9th Cir. May 20, 2020) (following

11  *Dominguez* and holding that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)).

12  *Davis* does not impact the § 924(c)(3)(A) elements clause.  United States v. Nikolla, 950 F.3d 51,

13  53 n.4 (2d Cir. 2020).  Thus, *Dominguez* wholly undercuts and forecloses Petitioner's argument.

14          Petitioner's reply/motion argues that the Court should view his petition as unopposed.

15  However, before the Court would put significant weight into the government's lack of opposition,

16  Petitioner first would have to make colorable arguments that support the relief requested.  Cf.

17  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105-06 (9th Cir. 2000) (in the

18  summary judgment context, holding that if the moving party fails to meet his initial burden, then

19  the non-moving party is no obligation to produce contrary evidence).  After *Dominguez*,

20  Petitioner's arguments have no merit and presents no colorable basis for relief.  That the Northern

21  District in 2019 agreed with Petitioner's position does not make Petitioner's arguments colorable.

22  *Chea* is unpublished, non-binding, and pre-dates *Dominguez,* which is binding on this Court and

23  the Northern District.  If the Court accepted Petitioner's argument and granted relief, it would be

24  committing clear error.  Therefore, the Court finds that the United States' lack of response is

25  irrelevant to the merits of this matter.[1]

26

27  [1] The Court notes that *Dominguez* was filed on April 7, 2020.  This post-dates Petitioner's petition.  However,
    *Dominguez* does not pre-date Petitioner's reply/motion for judgment.  *Dominguez* had been published for two months

28  when the reply/motion for judgment was filed in June 2020.  Disconcertingly, *Dominguez* is not cited in Petitioner's
    reply/motion for judgment.

In sum, because *Dominguez* forecloses Petitioner's argument, the Court will deny the petition.

*Certificate of Appealability*

28 U.S.C. § 2253 provides in pertinent part:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In the present case, the Court finds there is an insufficient indication that Petitioner has suffered the denial of a constitutional right which would justify the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c); Slack, 529 U.S. at 483-84.  Given the *Dominguez* decision which post-date *Davis*, reasonable jurists would not debate that Petitioner is not entitled to federal habeas corpus relief.   Therefore, the Court will deny a certificate of appealability.

//

//

//

//

1

**<u>ORDER</u>**

2

 Accordingly, IT IS HEREBY ORDERED that:

3

1. Petitioner's 28 U.S.C. § 2255 petition (Doc. No. 50) is DENIED; and

4

2. The Court DECLINES to issue a certificate of appealability.

5

6

IT IS SO ORDERED.

7

Dated: __June 15, 2020__      _____

         SENIOR DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28